UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TONI JOHNSON, et. al, | Case No. 3:12-cv-0088 |
| Plaintiff, | |
| | Judge Timothy S. Black |
| v. | |
| | **STIPULATED PROTECTIVE ORDER** |
| PHOENIX GROUP, LLC, et. al, | |
| Defendants. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure Defendants Phoenix Group, LLC[1], Phoenix TEQ, LLC[2], Phoenix TEQ-Cincinnati, LLC, George Coates, and Castle Human Resources (collectively the "Defendants") and Plaintiff Toni Johnson, Opt-in Plaintiffs Gary Levandusky, Anthony Weisenberger, Edward Reid, Liezel Zeigler, and all other current or potential class members alleged in this lawsuit (collectively the "Plaintiffs"), subject to approval by the Court, hereby stipulate to the following Order relating to confidential business and other proprietary information.

**IT IS HEREBY STIPULATED THAT:**

Each party to this proceeding or any subsequent appeals and anyone else who may subscribe to this Stipulated Protective Order ("Order") agrees as follows:

## PURPOSE

The parties recognize that preparation and trial of this action may require the discovery of confidential and/or proprietary materials containing proprietary business, personnel, financial, and client information or such other sensitive commercial information that is not publicly

---

[1] The correct legal name is The Phoenix Group Holding Company.
[2] Phoenix TEQ is not a currently existing legal entity.

available. The parties desire to litigate this action without jeopardizing the parties' interest and expectation in the privacy and confidentiality of their records and so enter this Order.

## INFORMATION SUBJECT TO THIS ORDER

1. For purposes of this Order, Confidential information includes the parties' business records and other proprietary materials containing confidential business, client, personnel, and financial information or such other sensitive commercial information that is not publicly available: (a) conveyed by or contained in a document produced by a party or by a non-party pursuant to a subpoena; (b) stated in answer to an interrogatory or request for admission; (c) disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding; or (d) disclosed pursuant to a voluntary agreement among counsel. When a party or non-party produces information which is reasonably believed by a party or non-party to be Confidential information a party or non-party may, at or around the time of production, designate such information as "Confidential" and the information so designated shall thereafter be subject to the provisions of this Order. In the case of documents, each page that is to be produced by a party under this Order shall be separately marked "Confidential."

## PERSONS AUTHORIZED TO
## RECEIVE "CONFIDENTIAL" INFORMATION

2. Any Confidential information pursuant to Paragraph 1 of this Order shall not be disclosed to any person whatsoever other than the parties and their officers and management employees, including in-house counsel, and their secretarial or clerical staffs; attorneys of record, their legal assistants, and their secretarial or clerical staffs; insurers; court reporters and the Court; deponents, witnesses and/or potential deponents and witnesses in this action, but only on an as needed basis; and expert witnesses, and their secretarial or clerical staffs, retained by either

party, provided that such persons agree to not disclose or otherwise use such Confidential information in any manner other than for the purpose of providing an expert opinion.

## LIMITATIONS ON THE USE OF "CONFIDENTIAL" INFORMATION

3. Any information designated "Confidential" pursuant to Paragraph 1 of this Order shall be produced in original, unredacted, unaltered form. It shall be held in confidence by each person to whom it is disclosed, shall be used by the person who receives such information only for the purposes of this proceeding, and shall not be used by the recipient of the information for any function other than this litigation.

4. In the event that any information or documents designated as "Confidential" as provided in Paragraph 1 of this Order are used in depositions, the reporter shall be instructed either (1) by a statement on the record by counsel at the time of the deposition, or (2) by written notice to all counsel within thirty business days after the receipt of the transcript that the portions of the depositions relating to the "Confidential" information, as well as any "Confidential" documents which are made exhibits, shall be retained under seal and if filed in connection with this proceeding or any subsequent appeal, shall be filed pursuant to this Order as set forth in Paragraph 5, and that copies of such materials shall be given only to counsel of record. Only those persons afforded access under Paragraph 2 may be present at any examination concerning "Confidential" information.

5. In the event that any "Confidential" information or documents are incorporated in any paper filed in connection with this proceeding or any subsequent appeals, such material shall be filed with instructions to the Clerk of the Court that, except as otherwise provided by the Court, they are to be sealed pursuant to this Order and are not to be disclosed to any persons

other than the Court and counsel of record in this action. Documents filed under seal shall be filed in envelopes that are marked on the outside "Confidential - Filed Under Seal."

## FINAL TERMINATION OF PROCEEDING

6.  Sixty days after final termination of this proceeding, including all subsequent appeals, each party shall destroy all materials produced and designated as "Confidential" and all copies thereof. If a party, within forty-five days of the final termination of this proceeding, requests that the "Confidential" material be returned, the party to whom the request is made shall return all such "Confidential" materials produced and all copies thereof. Unless a court orders otherwise, the parties shall continue after final termination of this proceeding to keep confidential the information and documents exchanged pursuant to this Order.

7.  This Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for a separate Protective Order as to any such particular document or information, including restrictions differing from those as specified herein, and this Order shall not be deemed to prejudice either party in any way in any future application for modification of this Order.

8.  The parties may agree, in writing only, to withdraw the designation of "Confidential." If a party notifies the opposing party, in writing, that it disputes the confidentiality designation of a document, the party challenging the designation of the document as "Confidential" shall bear the burden of going forward to move the Court to resolve the issue after the parties have attempted to resolve their dispute in good faith. The document in question will remain subject to the confidentiality provisions of this Order until the Court rules on the designation of the document. For the purposes of this paragraph, "in writing" is to include email correspondence.

9. This Order has no effect upon, and shall not apply to, the parties' own use of the information and documents that that party produced under the protections of this Order.

10. In the event additional parties join or are joined in this action, they shall not have access to material marked "Confidential" until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

11. This Order shall not apply to information in the public domain or obtained from other sources not in violation of this Order regardless of whether or not such information is also contained in discovery materials designated as "Confidential" in this case.

12. The undersigned counsel for the parties agree on behalf of their respective firms and clients to the terms set forth herein, and consent to the form and entry of this Order.

13. The United States District Court for the Southern District of Ohio retains jurisdiction to alter or amend this Order by further order of the Court upon a showing of good cause by the party seeking alteration or amendment. Upon approval by the Court, this Stipulated Protective Order shall be effective as the Order of the Court. Nothing in this Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made concerning the issue of the status of "Confidential" information.

## NON-WAIVER OF PRIVILEGED INFORMATION

14. A party who produces any document subject to the attorney-client privilege or work-product protection ("Privileged Document") without intending to waive the claim of privilege or protection associated with such document may, within ten (10) days after the producing party actually discovers that such inadvertent production occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld as privileged.

15. Once the producing party provides such notice to the requesting party, the requesting party must: (1) promptly return the specified document and any copies thereof to the producing party; (2) destroy, and certify such destruction to the producing party, any notes or any other documents it created that reflect the contents of the specified document; and (3) refrain from disclosing the substance of such specified document to any third party, including the Court.

16. Such inadvertent disclosure of a Privileged Document shall not be deemed a waiver with respect to that document or other documents involving similar subject matter.

17. Further, it is the intent of the parties that this Order is made in compliance with Fed. R. Evid. 502 and any such inadvertent disclosure shall also not constitute a waiver in any other Federal or State Proceeding.

18. By complying with these obligations, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege. In the event of a challenge to the claim of privilege, the requesting party may seek to compel production of the document.

19. Any third party, such as expert witnesses or vendors, retained by either party in the course of the above-captioned litigation, shall be provided a copy of this Order by the party retaining such third party, and shall be required to agree, in writing, to be bound by the Order's terms.

20. In the event of inadvertent disclosure of Privileged Document(s) and upon timely notice by the producing party, as provided in paragraph 14, the requesting party shall have the obligation to retrieve any such document(s) from third parties retained by the requesting party. In the event that the requesting party fails to return to the producing party within 10 days inadvertently disclosed Privileged Documents upon timely notice by the producing party, as

provided in paragraph 1, the producing party may seek injunctive relief to enforce the terms of this Order.

SO ORDERED:

Dated: 1/23/13

_____
Timothy S. Black
Judge

STIPULATED:

| | |
|---|---|
| /s/ James P. Langendorf (via email authorization)<br>James P. Langendorf 0068807<br>Joseph H. Mulligan 0088419<br>1081 N. University Blvd., Suite A<br>Middletown, Ohio 45042<br>jamesplang@aol.com<br>joe.mulligan@yahoo.com<br><br>Trial Attorneys for Plaintiff | /s/ Neal Shah<br>Raymond D. Neusch (0024822)<br>Neal Shah (0082672)<br>FROST BROWN TODD LLC<br>3300 Great American Tower<br>301 East Fourth Street<br>Cincinnati, Ohio 45202<br>(513) 651-6800 (telephone)<br>(513) 651-6981 (facsimile)<br>rneusch@fbtlaw.com<br>nshah@fbtlaw.com<br><br>Trial Attorneys for Defendants |

CINLibrary 0123537.0596582 2674349v1