UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TONI JOHNSON, | : | Case No. 3:12-cv-88 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| PHOENIX GROUP, LLC., *et al.*, | : | |
| Defendants. | : | |

**DECISION AND ENTRY DENYING DEFENDANTS' MOTION TO DISMISS IN PART AND GRANTING IT IN PART (Doc. 31)**

This civil case is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 31). Plaintiff Toni Johnson filed a Response in Opposition to Defendants' Motion to Dismiss. (Doc. 32). Defendants filed a Reply in Support of their Motion. (Doc. 33). Defendants' Motion to Dismiss is now ripe for decision.

**I. FACTUAL ALLEGATIONS**

Plaintiffs, including the named Plaintiff Toni Johnson ("Johnson"), worked for one or more of the Defendants during the three years immediately preceding the filing date of this case as either a lab technician, sample prep technician, hot metal analyst, analyst or lab helper. Although Defendants paid Plaintiffs by the hour and sometimes paid Plaintiffs wages identified as overtime wages or holiday pay, Plaintiffs allege that Defendants regularly scheduled them to work approximately 84 hours over seven consecutive days without paying overtime wages for all hours in excess of 40 hours. Notably, following the seven consecutive days of working, Plaintiffs were off for seven consecutive days, and this scheduled repeated throughout Plaintiffs' employment.

Defendants calculated overtime based on pay periods commencing on a Sunday and ending fourteen days later. Plaintiffs' seven consecutive workdays always overlapped part of the first calendar week of the fourteen calendar day pay period and part of the second week of the pay period. According to Plaintiffs, this overlapping seven day consecutive workweek was designed and implemented in a specific effort to avoid paying overtime wages.

Plaintiffs assert collective class claims for overtime compensation under the Fair Labor Standards Act ("FLSA"), class action claims for overtime compensation under Ohio Rev. Code § 4111.03 and § 4111.10, and claims of wage conversion. This Court previously certified a conditional class under the FLSA. Although Plaintiffs allege class action claims under Fed. R. Civ. P. 23, no such class has been certified to date. Following the filing of an Amended Complaint, Defendants now move to dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements

2

of a cause of action will not do." *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (citing Fed. Rule Civ. Proc. 8(a)(2)).

### III. ANALYSIS

Plaintiffs appear to assert alternative theories of relief under the FLSA and Ohio law. On one hand, Plaintiffs' allegations suggest that, because they worked seven consecutive days, those seven consecutive days constitute a single workweek for purposes of overtime compensation. Alternatively, Plaintiffs argue that, insofar as Defendants' designated, regularly recurring workweek began on Sundays, as opposed to Thursdays, such a design amounted to an unlawful scheme to avoid paying overtime in violation of the FLSA and Ohio law. Defendants move to dismiss, arguing that neither the FLSA nor Ohio law prohibit

employers from splitting seven consecutive workdays between two separate, employer designated workweeks.

Pursuant to the FLSA, "employees may not be required to work more than forty hours per seven-day week without overtime compensation at a rate not less than one and one-half times their regular pay." *Wood v. Mid-America Management Corp.*, No. 1:04-cv-1633, 2005 WL 1668503, at *4 (N.D. Ohio Jul. 18, 2005) (citing *Elwell v. University Hospitals Home Care Services*, 276 F.3d 832, 837 (6th Cir. 2002); 29 U.S.C. § 207(a)(1); *Bowers v. NOL, LLC*, 114 Fed.Appx. 739, 740 (6th Cir. 2004)). Ohio Rev. Code § 4111.03(A) provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in . . . of the 'Fair Labor Standards Act[.]'"[1] The term "workweek" is defined as "a fixed and regularly recurring period of 168 hours--seven consecutive 24--hour periods." 29 C.F.R. § 778.105. A workweek "need not coincide with the calendar week but may begin on any day and at any hour of the day." *Id.*

Here, Plaintiffs seem to suggest that their regularly recurring workweek for overtime purposes began on Thursdays because they began the first of their seven consecutive workdays on Thursdays. However, contrary to Plaintiffs' assertions, employers determine the commencement of the workweek, and "the FLSA does not prescribe how an employer must initially establish its 'workweek' for overtime purposes[.]" *Abshire v. Redland Energy Services, Inc.*, 695 F.3d 792, 795 (8th Cir. 2012). In addition, regulations make clear that the

---

[1] Pursuant to Ohio Rev. Code § 4111.10(A), "[a]ny employer who pays any employee less than wages to which the employee is entitled under section 4111.03 of the Revised Code, is liable to the employee affected for the full amount of the overtime wage rate, less any amount actually paid to the employee by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

term "workweek" is not necessarily synonymous with an employee's work schedule. *See* 29 C.F.R. § 778.105 (stating that "[o]nce the beginning time of an employee's workweek is established, it remains fixed *regardless of the schedule of hours worked by him*") (emphasis added).

Thus, the mere fact that Plaintiffs worked seven consecutive days, in and of itself, is not evidence that those seven consecutive workdays constitute the employer's designated workweek. Courts considering this same issue all agree. *See Blasdell v. State of New York*, No. 91-CV-1014, 1992 WL 469733, *2 (N.D.N.Y. Sept. 8, 1992) (concluding that employers do not violate the FLSA simply because employees worked "up to seven consecutive days before receiving a day off" where "the first five days of this work stretch fell within one 'workweek' and the sixth and seventh days fell within another"); *Oliver v. Centerpoint Energy, Inc.*, No. H-10-0189, 2010 WL 2163915, *4 (S.D. Tex. May 27, 2010) (concluding that employers do not violate "the FLSA's overtime requirements by scheduling employees to work ten consecutive days when those days span more than one workweek, and the employee works no more [than] 40 hours in any one workweek"); *Allen v. Gonzales Consulting Services, Inc.*, No. 1:10-cv-61, 2011 WL 202088, *2 (W.D. Mich. Jan. 19, 2011).

In moving to dismiss, Defendants point to Plaintiffs' allegations that Plaintiffs' applicable pay periods commenced on a Sunday, and that Defendants calculated overtime pay based on commencement of such a pay period. Generally, an employer's set pay period is *prima facie* evidence of the employer's established workweek. *See Abshire v. Redland Energy Services, LLC*, 822 F.Supp.2d 874 (W.D. Ark. 2011), *affirmed in Abshire*, 695 F.3d 792. However, the FLSA does not specifically require that a pay period and the workweek

for FLSA overtime purposes must coincide. *See Oliver v. Centerpoint Energy, Inc.*, No. H–10–0189, 2010 WL 2163915, *6 (S.D. Tex. May 27, 2010) (citation omitted); *Baird v. Kessler*, 172 F.Supp.2d 1305 (E.D. Cal. 2001).

Here, assuming the truth of Plaintiffs' general allegations that the fixed, regularly recurring workweek commenced each Thursday, that Plaintiffs worked "approximately 84 hours in each seven consecutive day workweek," and that Plaintiffs "were not paid an overtime premium rate . . . for most of the 44 scheduled hours they worked[,]" such allegations are sufficient to state a claim that is plausible under the FLSA and Ohio law. Even assuming the regularly recurring workweek commenced on Sunday and ended on Saturday, Plaintiffs still assert plausible overtime compensation claims, though certainly not to the extent of the 44 overtime hours claimed in the Amended Complaint.[2] Because Plaintiffs assert plausible overtime claims, Defendants' Motion to Dismiss is not well-taken and is denied.

The Court next addresses Plaintiffs' alternative theory of liability. Plaintiffs contend that, even assuming the regularly recurring workweek set by Defendants commenced on Sunday as Defendants contend, Defendants violated the FLSA and Ohio law by willfully designing its workweek and scheduling employees in an effort to avoid paying overtime

---

[2] Defendants' further contention that their fixed and regularly recurring workweek commenced each Sunday at 7:00 a.m. requires reference to information outside the pleadings (such as records kept pursuant to 29 C.F.R. § 516.2(a)(5)). The Court notes Defendants' arguments referencing pay records attached to an affidavit filed by Plaintiff Johnson in support of conditional class certification. (Doc. 13-1). The pay records appear to support Defendants' contention that Defendants calculated Plaintiffs' pay beginning after 7:00 a.m. on Sunday and ending at 6:59 a.m. two Sundays later. Because these documents fall outside the pleadings, they cannot be considered for purposes of a motion pursuant to Rule 12(b)(6). Assuming the regularly recurring workweek set by Defendants did commence at 7:00 a.m. on Sunday and ended 164 hours later, *i.e.*, at 6:59 a.m. the following Sunday, Plaintiffs worked only three-and-a-half twelve hour shifts per workweek, for a total of approximately 42 hours per workweek.

wages. Contrary to Plaintiffs' contention, however, the Court finds no prohibition against employers establishing a workweek "for the purpose of reducing the number of hours in [the employees'] normal schedule that must be paid at the overtime rate[.]" *See Abshire*, 695 F.3d at 795.

A federal circuit court addressing this specific issue recently concluded that "an employer's effort to reduce its payroll expense is not contrary to the FLSA's purpose" and "an employer does not violate the FLSA merely because, under a consistently-designated workweek, its employees earn fewer hours of overtime than they would if the workweek was more favorably aligned with their work schedules." *Id*. at 794-95. While 29 C.F.R. § 778.105 states that an employer can *change* the beginning of the workweek if such "change is intended to be permanent and is not designed to evade the overtime requirements of the Act[,]" Plaintiffs do not allege that Defendants ever changed the beginning of the workweek.

Even assuming Defendants did change commencement of their fixed, regularly recurring workweek, the Eighth Circuit, in interpreting the aforementioned language, concluded that "[s]o long as the change is intended to be permanent, and it is implemented in accordance with the FLSA, the employer's reasons for adopting the change are irrelevant." *Abshire*, 695 F.3d at 796. In fact, "a scheduling change intended to reduce overtime hours was not 'an evasion' of the overtime requirements[.]" *Id*. (citing *Morehead v. City of Pearl*, 763 F.Supp. 175, 176 (S.D. Miss. 1990)).

In *Abshire*, the Eighth Circuit faced a similar factual scenario as that presented in this case. There, employees "worked twelve-hour shifts for seven consecutive days, followed by seven days off." *Abshire*, 695 F.3d at 793. The employees worked "from Tuesdays through

Mondays" and the defendant employer initially "used a Tuesday-to-Monday workweek to calculate overtime owed[.]" *Id*. In 2009, however, the employer "changed the designation of their workweek from Tuesday–to–Monday to the Sunday–to–Saturday workweek" and informed the employees that there would "be no adjustment to [their] work week, which [would] remain from Tuesday–Monday [but employees would] begin to have a reduction in overtime hours as [their] work week [would] be split into 2 payroll periods." *Id*. at 794. Under the new scheme, employees worked 60 hours in the first pay period, were paid 20 hours of overtime for that first pay period, and then worked only 24 hours during the second pay period. *Id*.

Similar to the allegations in this case, the employees in *Abshire* sued the employer under the FLSA alleging that "they were 'only paid twenty (20) hours overtime within the same work week, even though [they] actually worked eighty-four (84) or more hours in each work week." *Id*. The employees argued "that the FLSA prohibits an employer from changing an existing workweek for the purpose of reducing employee overtime, that [the defendant's] true purpose in changing their workweek was to reduce work at overtime rates, and that [the defendant's] claim of administrative efficiencies was pretextual." *Id*. The Eighth Circuit disagreed with the employees, found the employer's intent irrelevant, and affirmed summary judgment in favor of the employer.

This Court agrees with the reasoning and conclusions set forth by the Eighth Circuit in *Abshire*. This Court also concludes that the authority relied upon by Plaintiffs, namely *Seymore v. Metson Marine, Inc.*, 194 Ca. App.3th 361 (Cal. App. 2011), is not persuasive for the same reasons set forth by the Eighth Circuit in *Abshire*, 695 F.3d at 795. Accordingly,

the Court finds merit to Defendants' Motion to Dismiss Plaintiffs' claims insofar as Plaintiffs assert FLSA violations on the theory that Defendants either designated its regularly recurring workweek or scheduled Plaintiffs' with the specific purpose of reducing their employees' overtime.

Based on the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss only insofar as overtime claims are based on the theory that Defendants willfully designated the fixed, regularly recurring workweek, or scheduled Plaintiffs' workdays, in an effort to avoid paying overtime. Defendants' Motion to Dismiss is otherwise **DENIED**.

**IT IS SO ORDERED.**

Date: 4/2/13

s/ Timothy S. Black
Timothy S. Black
United States District Judge